## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD DIVISION

| | |
|---|---|
| **TISON J. GENTRY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:12-7695** |
| ) | |
| **MCM,** *et al.*, ) | |
| ) | |
| **Defendant.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's "Motion of Dismissal" (Document No. 17.), filed on January 4, 2013. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

## FACTUAL AND PROCEDURAL HISTORY

On October 31, 2012, Plaintiff, proceeding *pro se*, filed his Complaint in the Circuit Court of McDowell County, West Virginia.[1] (Document No. 1, pp. 8 - 11.) Plaintiff named the following as Defendants: (1) MCM; (2) Virginia Department of Taxation; (3) DCS, Inc.; (4) Experian; (5) Trans Union; (6) Equifax Credit Information Service; (7) Citi Mortgage; (8) HFC. (Id.) In his Complaint, Plaintiff alleges that Defendants have reported inaccurate information to credit reporting agencies in violation of the Fair Credit Reporting Act. (Id.) Plaintiff requests that "his credit report be cleared up and placed back in good standard" and monetary relief. (Id., pp. 9 - 10.)

By Notice of Removal filed on November 13, 2012, this action with removed to this Court.

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(Id., pp. 1 - 4.) Trans Union and Experian filed their Answers on November 26, 2012. (Document Nos. 3 and 5.) DCS filed its Answer on December 12, 2012. (Document No. 9.) MCM filed its Answer on January 3, 2013. (Document No. 14.)

On January 4, 2013, Plaintiff filed a "Motion of Dismissal." (Document No. 17.) Specifically, Plaintiff states "I do not wish to proceed any further. The parties have agreed and settled the matter at hand, and wish to ask the court to dismiss with no prejudice." (Id.)

On January 15, 2013, Defendants DCS, Experian, MCM, and Trans Union Consumer Relation filed their Response to Plaintiff's Motion to Dismiss. (Document No. 19.) Defendants state that they have not "agreed to terms of a settlement with the Plaintiff." (Id., p. 1.) Defendant explain that they "do not oppose a dismissal under Rule 41(a)(2), but want to be certain the Court is not basing its decision on an inaccurate statement of act made by the Plaintiff." (Id.)

Plaintiff has filed no Reply to Defendants' Response.

## **ANALYSIS**

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d

1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Defendants Trans Union, Experian, DCS, and MGM have only recently filed Answers to Plaintiff's Complaint. The remaining Defendants have neither filed an Answer to Plaintiff's Complaint nor otherwise pled. The undersigned further notes that Plaintiff advises the Court that he does "not wish to proceed any further" as he has reached a settlement agreement with the parties.[2] Defendants DCS, Experian, MCM, and Trans Union note that no settlement agreement has been reached, but they have no objection to the dismissal of the action. (Document No. 19.) Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(2) and that the instant civil action be dismissed without prejudice.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and

---

[2] The Court notes that Plaintiff has another action pending before the Court asserting similar claims against different Defendants. *Gentry v. SPS*, Civil Action No. 1:12-8557. It appears that Plaintiff did reach a settlement agreement with a Defendant in Civil Action No. 1:12-8557. (Civil Action No: 1:12-08557, Document No. 21.)

accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion to Dismiss (Document No. 17.), and **DISMISS** Plaintiff's Complaint (Document No. 1, pp. 8 - 11.) without prejudice and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: January 29, 2013.

R. Clarke VanDervort
United States Magistrate Judge